UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROCKY SUSSHINE,**

    **Plaintiff,**

v.                                                       Case No: 8:21-cv-2758-AAS

**COSTCO WHOLESALE CORP.,**

    **Defendant.**
_____/

## ORDER

Defendant Costco Wholesale Corporation (Costco) moves for leave to file a third-party complaint. (Doc. 28). Plaintiff Rocky Susshine does not respond.

"A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *U.S. v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987). "This rule is typically used to implead indemnitors into the litigation." *Journey Two Enter., LLC, v. N342AJ, LLC*, No. 19-cv-880-JSM-SPF, 2020 WL 9748989, at *1 (M.D. Fla. Mar. 4, 2020).

Costco requests leave to implead Sarasota Shoppingtown, LLC, "the

1

owner/landlord of the premises [Costco] leased to operate the Costco warehouse store in close proximity to the location where [Mr. Susshine] allegedly tripped and fell." (Doc. 28, p. 2). Costco's proposed third-party complaint contends Sarasota Shoppingtown "is a Delaware limited liability company" and raises counts of contractual indemnification and contribution. (*Id*. at Ex. A). Costco alleges its lease with Sarasota Shoppingtown includes an indemnification provision. (*Id*.).

However, Costco's proposed third-party complaint does not plead any basis for federal jurisdiction. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction over any claims. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). "Subject-matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010).

Federal question jurisdiction is the jurisdiction to hear cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction is the jurisdiction to hear cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, is between . . . citizens of different states." 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from

2

every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). To determine whether this requirement is met, a plaintiff must allege the citizenship of each party so the court can verify whether any plaintiff is a citizen of the same state as any defendant. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "For purposes of diversity jurisdiction, a limited liability company is a citizen of all the states in which each of its members are citizens." *Kapota v. 7L Capital, LLC*, No. 6:14-cv-65-JA-KRS, 2014 WL 12623686, at *2 (M.D. Fla. Feb. 12, 2014) (*citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)). Federal courts may also exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the claims for which it has existing federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1367(a).

Here, Costco does not allege either federal question jurisdiction, diversity jurisdiction, or supplemental jurisdiction over its claims against Sarasota Shoppingtown. *See* (Doc. 28, Ex. A). To obtain leave to file the third-party complaint, Costco must establish the court's jurisdiction over Sarasota Shoppingtown. Further, Costco attaches as an exhibit to its proposed third-party complaint one page of its executed lease agreement with Sarasota Shoppingtown. (Doc. 28, Ex. A). If Costco intends for the court to consider the lease agreement in deciding whether Costco should be permitted to implead

Sarasota Shoppingtown, Costco must attach the entire lease agreement as an exhibit to its proposed third-party complaint.

Costco's Motion for Leave to File a Third-Party Complaint (Doc. 28) is therefore **DENIED without prejudice** for failure to provide a jurisdictional basis for impleading Sarasota Shoppingtown in this action. Costco may file an amended motion alleging a jurisdictional basis for impleading Sarasota Shoppingtown and including the entire lease agreement by **May 27, 2022**. Mr. Susshine is **DIRECTED** to respond to Costco's amended motion within fourteen days of Costco filing the amended motion. Failure to respond will result in the undersigned treating Costco's motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed").

**ORDERED** in Tampa, Florida on May 13, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge